UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWNTA L. BROWN,  :
                                                          CIVIL ACTION NO. 3:23-0382
          Petitioner  :

                                                           (JUDGE MANNION)

    v.  :

WARDEN SPAULDING  :

         Respondent  :

**MEMORANDUM**

Petitioner, Shawnta L. Brown, an inmate confined in the Federal Prison Camp, Lewisburg, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner requests a Court Order, directing that he be permitted to serve the remainder of his sentence in home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, §12003(b)(2) (2020). Id. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

**I. Background**

Brown was convicted in the United States District Court for the Western District of New York for conspiracy to possess and distribute cocaine. (Doc. 5-1 at 5, Inmate Data). He is serving a 188-month term of imprisonment

imposed on December 19, 2016. Id. His current projected release date is October 18, 2029, via good conduct time release. Id. Brown has been diagnosed with Leukemia. (Doc. 1 at 14).

Based on his diagnosis, Brown filed a request for home confinement under the CARES Act, which was granted by the Warden on April 27, 2022. (Doc. 1 at 14, Administrative Remedy Response). On May 2, 2022, the decision was referred to the Central Office committee for review. (Doc. 65-1 at 9, Inmate History). On June 7, 2022, the Central Office committee denied Brown's request. Id.

Brown files the instant petitioner requesting the Court to overrule the decision of a committee in the BOP's Central Office and order his release to home confinement. (Doc. 1).

## II. Discussion

Petitioner contends that his poor health entitles him to an order from this Court directing that the BOP release him to home confinement. (Doc. 1). In response, the Government contends that this Court lacks jurisdiction to grant Petitioner home confinement under the CARES Act. (Doc. 5). The Court agrees.

This Court does not have the authority to review such a request, as this Court has previously held that "the jurisdiction of [a home confinement] determination [under the CARES Act] is with the Director of the Bureau of Prisons." Rodriguez v. Bradley, Civil Action No. 3:20-2228, 2021 WL 4318026, at *3 (M.D. Pa. Sept. 23, 2021) (quoting United States v. Cruz, 455 F. Supp.3d 154, 159 (M.D. Pa. 2020)). Petitioner's request for home confinement falls under 18 U.S.C. §3624(c)(2), as amended by §12003(b)(2) of the CARES Act. Jackson v. White, No. 3:20-CV-0919, 2020 WL 3036075, at *9 (M.D. Pa. June 5, 2020) (quoting Cordaro v. Finley, No. 3:10-CR-75, 2020 WL 2084960, at *1, *6- 7 (Apr. 30, 2020). As such, this Court "has no authority to issue such an order." Hussain v. Thompson, No. 21-1635, 2021 WL 5298898, at *3–4 (M.D. Pa. Nov. 15, 2021), aff'd sub nom. Hussain v. Warden Allenwood FCI, No. 22-1604, 2023 WL 2643619 (3d Cir. Mar. 27, 2023) (finding that he CARES Act does not empower a district court to transfer an inmate to home confinement; rather, that decision rests solely within the discretion of the BOP); see also 18 U.S.C. §3621(b) (stating that "a designation of a place of imprisonment under this subsection is not reviewable by any court"); United States v. Aguibi, 858 F. App'x 485, 486 n.2 (3d Cir. 2021) (citing Tapia v. United States, 564 U.S. 319, 331 (2011)) (finding that the BOP has the sole authority to place a prisoner on home

confinement) Washington v. Warden Canaan USP, 858 F. App'x 35, 36 (3d Cir. 2021) ("[W]hether to transfer an inmate to home confinement is a decision within the exclusive discretion of the BOP.").

In other words, prisoners cannot use "§2241 as an end-run around the compassionate release statute (18 U.S.C. §3582(c)(1)(A)) and the federal CARES Act, which vests in the Director of the Bureau of Prisons discretion to transfer an inmate to home confinement." Olson v. Warden Schuylkill FCI, No. 21-2436, 2022 WL 260060, at *2 (3d Cir. Jan. 27, 2022). Consequently, this Court lacks jurisdiction to issue an order for home confinement "under 18 U.S.C.§3624(c)(2) or its amendments under the CARES Act." Rodriguez-Francisco v. United States, No. 21-1180, 2023 WL 2089256, at *1 (M.D. Pa. Feb. 17, 2023) (finding that this Court "lacks jurisdiction to issue an order for home confinement under ... the CARES Act"). Because this Court cannot provide the relief requested by Brown under the CARES Act, Brown's §2241 petition must be dismissed.

### III. Conclusion

Based on the foregoing, Brown's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for this Court lacks jurisdiction

- 4 -

over the BOP's decision with respect to an inmate's release on home confinement.

An appropriate Order follows.

                                                                   **MALACHY E. MANNION**
                                                                   **United States District Judge**

**Dated: July 13, 2023**
23-0382-01